# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| **CLAUDE BRYAN OAKLEY**<br>ADC #108541 | **PETITIONER** |
| v. | Case No. 1:18-cv-00054-KGB-JJV |
| **WENDY KELLEY, Director**<br>Arkansas Department of Correction | **RESPONDENT** |

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Joe J. Volpe (Dkt. No. 13). Petitioner Claude Bryan Oakley filed objections (Dkt. No. 14). After careful review of the Proposed Findings and Recommendations, a *de novo* review of the record, and a review of Mr. Oakley's objections thereto, the Court adopts the Proposed Findings and Recommendations and dismisses Mr. Oakley's petition with prejudice (Dkt. No. 13).

### I. Background

The Proposed Findings and Recommendations regard Mr. Oakley's petition for writ of habeas corpus (Dkt. No. 2). Mr. Oakley is currently an Arkansas inmate in the Grimes Unit of the Arkansas Department of Correction ("ADC") (Dkt. No. 13, at 2). On July 27, 1996, Mr. Oakley was sentenced to a term of 20 years of imprisonment in the ADC (*Id.*). Mr. Oakley was paroled on September 4, 2001 (*Id.*, at 3). On May 20, 2002, Arkansas authorities declared Mr. Oakley an absconder from parole, and a warrant was issued two days later (*Id.*). At the time, and unbeknownst to Arkansas authorities, Mr. Oakley was living in Arizona where, on May 14, 2002, he was arrested for stabbing his girlfriend in the hand and setting her house on fire (*Id.*, at 3-4). For these acts, on November 25, 2002, an Arizona court sentenced Mr. Oakley to 13 and a half years in the Arizona Department of Corrections (*Id.*, at 4). Arizona authorities released Mr. Oakley

on July 12, 2013, and Arkansas authorities granted him supervised parole on August 5, 2013 (*Id.*). Though Mr. Oakley violated his parole by being arrested for driving while intoxicated on November 19, 2014, he remained on supervised parole until January 2, 2015, when he was arrested for second degree murder (*Id.*). On January 9, 2015, the Arkansas Parole Board held a hearing and revoked Mr. Oakley's parole for violating the law and for alcohol and controlled substance abuse (*Id.*). The pending murder charge was later reduced to battery and then dropped by the prosecuting attorney (*Id.*).

Mr. Oakley filed a petition for writ of habeas corpus, arguing that he should have been given credit by Arkansas authorities for the approximately 11 years he served in the Arizona Department of Corrections (Dkt. Nos. 2; 13, at 4). In his petition, Mr. Oakley states that he is still incarcerated two and a half years past his discharge date (Dkt. No. 2, at 5). Mr. Oakley further states that Arkansas knew he was in prison yet never contacted him for extradition (*Id.*). In opposition, respondent argues that the ADC acted lawfully by accounting for the 11 years that petitioner evaded his Arkansas supervision when calculating his maximum release date as March 10, 2027 (Dkt. No. 9, at 3). Respondent cites Arkansas Code Annotated § 16-93-610(a) which states, in part, that "[t]ime served . . . shall continue only during the time in which a prisoner is actually confined in a county jail or other local place of lawful confinement or while under the custody and supervision of the department [of Correction]." Respondent argues that the statute makes no provision for time served in another state but refers to "local" confinement and incarceration while the prisoner is in the custody and under the supervision of the ADC (Dkt. No. 9, at 3).

## II. Discussion

The Proposed Findings and Recommendations deem Mr. Oakley's petition wholly without merit (*Id.*, at 6). Citing *Allen v. State*, 742 S.W.2d 886 (Ark. 1988), Judge Volpe makes clear that Mr. Oakley should only receive credit for jail time served in Arkansas (Dkt. No. 13, at 5-6). Since Mr. Oakley seeks credit for time served in a different state, Mr. Oakley's petition is meritless (*Id.*, at 6).

In opposition, Mr. Oakley makes several arguments, though most of these arguments are nonresponsive to the Proposed Findings and Recommendation's straightforward conclusion (Dkt. No. 14, at 1-2). In part, Mr. Oakley relies on *Guyton v. Oddo*, No. 4:15CV00756JM-JTK, 2016 WL 1737074 (E.D. Ark. Apr. 6, 2016), asserting that this case should void any and all arguments from any state agency and lead this Court to find in his favor (Dkt. No. 14, at 1). *Oddo*, however, differs significantly from Mr. Oakley's case. In *Oddo*, petitioner Omar Guyton was convicted and federally sentenced for armed bank robbery while on parole for a separate crime. *See Oddo*, 2016 WL 1737074, at *2. Prior to his conviction, Mr. Guyton had been deemed an absconder, and Mr. Guyton requested via a writ of habeas corpus that he no longer be considered an absconder since he was in federal custody. *See id.* United States Magistrate Judge Jerome T. Kearney found that respondent provided evidence that Mr. Guyton was no longer considered an absconder and that Mr. Guyton's sentence had been properly calculated to reflect that fact. *See id.* Accordingly, the court denied Mr. Guyton's habeas petition as moot. *See id.* Here, instead of requesting relief that he has already received, Mr. Oakley seeks relief he has not received and for which he is statutorily ineligible due to Arkansas Code Annotated § 16-93-610(a). Mr. Oakley's reliance on *Oddo* proves misguided, and the rest of Mr. Oakley's objections fail to rebut the Proposed Findings and Recommendations.

3

### III. Certificate Of Appealability

Though Judge Volpe in the Proposed Findings and Recommendations construes Mr. Oakley's petition as falling under 28 U.S.C. § 2241, both Mr. Oakley and respondent perceive the petition as falling under 28 U.S.C. § 2254 (Dkt. No. 13, at 2, 6). In the event this petition is construed to fall under § 2254, pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, courts must determine whether to issue a certificate of appealability in the final order (Dkt. No. 13, at 6). In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). This Court agrees with the Proposed Findings and Recommendations and finds no issue on which Mr. Oakley has made a substantial showing of a denial of a constitutional right (Dkt. No. 13, at 6). Accordingly, no certificate of appealability should issue.

### IV. Conclusion

It is therefore ordered that:

1. Consistent with the discussion above, the Court adopts the Proposed Findings and Recommendations in their entirety (Dkt. No. 13).

2. The Court dismisses Mr. Oakley's petition with prejudice and denies the requested relief (Dkt. No. 2).

So ordered this the 18th day of December, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge